UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LAMONT BROWN, | No. 2:12-cv-2313-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and the Commissioner's motion is granted.

I.   BACKGROUND

Plaintiff filed an application for SSI, alleging that he had been disabled since July 19, 2002. Administrative Record ("AR") 133-139. His application was denied initially and upon reconsideration. *Id*. at 70-74, 79-83. On April 22, 2010, a hearing was held before administrative law judge ("ALJ") Theodore T. N. Slocum. *Id*. at 34-59. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id*.

1

On September 10, 2010, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 21-30. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since February 11, 2009, the application date (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: cocaine dependence, cocaine-induced mood disorder, malingering, and antisocial personality (20 CFR 416.920(c)).

\* \* \*

3. The claimant's impairments, including the substance use disorder, meet section 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

4. If the claimant stopped the substance use, the remaining limitation would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination or combination of impairments.

\* \* \*

5. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

\* \* \*

6. If the claimant stopped substance abuse, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple 1- 2 step tasks; maintain concentration, persistence, and pace throughout a normal workday and workweek; interact appropriately with coworkers and supervisors but may have difficulty with the general public; and he can make adjustments and avoid workplace hazards.

\* \* \*

7. If the claimant stopped substance abuse, the claimant would be unable to perform past relevant work (20 CFR 416.965).

\* \* \*

8. The claimant was born on February 16, 1973 and was 35 years old, which is defined as a younger individual age 1849, on the date the application was filed (20 CFR 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. If the claimant stopped the substance abuse, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 416.960(c) and 416.966).

\* \* \*

/////

3

12. Because the claimant would not be disabled if he stopped the substance use (20 CFR 416.920(g)), the claimant's substance use disorder is a contributing factor material to the determination of disability (20 CFR 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the application was file through the date of this decision.

*Id.* at 23-29.

Plaintiff's request for Appeals Council review was denied on July 19, 2012, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff argues that (1) the Appeals Council failed to show that it properly considered new evidence plaintiff submitted with his request for reconsideration, and (2) that hypothetical questions posed to the vocational expert were incomplete. ECF No. 19-1 at 7-12.

4

1         Plaintiff first argues that the Appeals Council erred by failing to show in its written denial
2 that it adequately evaluated new evidence. ECF No. 19-1 at 7-11. With his request for Appeals
3 Council review, plaintiff submitted medical records from the California Department of
4 Corrections dated April 9, 2010 to October 13, 2010, which included treatment notes from
5 treating psychiatrist Dr. Paul Malarik, Jr. AR 505-516. The Appeals Council considered this
6 evidence, which it made part of the administrative record, but determined that it did not provide a
7 basis for changing the ALJ's decision. *Id*. at 2; *see* 20 C.F.R. § 416.1470(b) ("[I]f new and
8 material evidence is submitted, the Appeals Council shall consider the additional evidence only
9 where it relates to the period on or before the date of the administrative law judge hearing
10 decision."). Plaintiff contends, however, that the Appeals Council did not "deal with the opinion"
11 of Dr. Malarik, and that the Council was required to "show in its written denial that it has
12 adequately evaluated the new evidence." ECF No. 19-1 at 8.

13         The general rule is that an ALJ may not reject the contradicted opinion of a treating
14 physician absent specific and legitimate reasons. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.
15 2007). However, the U.S. Court of Appeals for the Ninth Circuit has made clear that district
16 courts do not have jurisdiction to review whether or not an Appeals Council appropriately denied
17 a request for review of an ALJ's decision. *Taylor*, 659 F.3d at 1231 (9th Cir. 2011) ("When the
18 Appeals Council denies a request for review, it is a non-final agency action not subject to judicial
19 review because the ALJ's decision becomes the final decision of the Commissioner."). In *Taylor*,
20 the Ninth Circuit found that when the Appeals Council considers additional evidence from a
21 treating physician, but denies review, the council need not provide a "detailed rationale" or make
22 any evidentiary findings for why it rejected the opinions. *Id.* at 1231–1232 (9th Cir.2011) (citing
23 *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996)). Thus, while the Appeals Council was required to
24 consider Dr. Malarik's opinion in assessing whether to grant review, it was not required provide a
25 detailed explanation for why such evidence did not warrant review of the ALJ's decision.
26 Accordingly, plaintiff has failed to demonstrate that the Appeals Council committed reversible
27 error.
28 //////

To the extent plaintiff contends that the new evidence demonstrates that the ALJ's decision is not supported by substantial evidence, he is mistaken. Dr. Malarik did not provide any opinion regarding plaintiff's functional limitations. He diagnosed plaintiff with severe personality disorder and antisocial personality disorder, but he did state that these impairments would preclude, or even limit, plaintiff's ability to work. AR 508-509; *see* 20 C.F.R. § 416.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Furthermore, findings from Dr. Malarik's mental status examination were generally unremarkable. Plaintiff was alert and oriented; had good appearance, grooming, and hygiene; he was cooperative and not agitated; and his psychomotor, speech, affect, abstraction, mood, thought process, and memory were within normal limits. He denied suicidal and homicidal ideations and his engagement was good. Accordingly, the evidence plaintiff submitted to the Appeals Council does not undermine the ALJ's RFC determination. Accordingly, the new evidence does not warrant disrupting the ALJ's decision.

Plaintiff also argues that the hypothetical question that the ALJ posed to the vocational expert was incomplete. ECF No. 19-1 at 11-12. However, this argument is premised entirely on plaintiff's contention that "[t]he ALJ could have had a very different hypotheticals in light of Dr. Malarik's opinion." *Id*. at 12. As just explained, Dr. Malarik's treatment notes did not include an opinion assessing plaintiff's functional limitations, nor did they provide any basis for disrupting the ALJ's RFC determination. According, the ALJ did not err in finding that plaintiff was not disabled under the Act.

IV.   CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

/////

6

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 21, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE